

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JAMIE L. HILL and | ) | CASE NO. 10-35140-H3-7 |
| JODY L. HILL, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Reaffirmation Agreement" (Docket No. 11) filed by Citizens Bank. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying approval of the reaffirmation agreement. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jamie L. Hill and Jody L. Hill ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 22, 2010.

In their schedules I and J, Debtors listed income of $2,894.71, and expenses of $4,411.78. Debtors indicated that they are married, and have no dependents. (Docket No. 1, at p. 41-43).

In their Schedule B, Debtors list four vehicles: a 1980 Chevrolet Camaro, a 1995 GMC C1500, a 1999 Chrysler Sebring, and a 2004 Mazda RX8.  (Docket No. 1, at p. 20).

In the instant reaffirmation, Debtors seek to reaffirm a debt of $13,891.08, secured by the 2004 Mazda RX8.

At the hearing on the instant reaffirmation agreement, Jody Hill testified that Debtors purchased the 2004 Mazda RX8 for their son, when he was 18 years old.  He testified that Debtors' son is now 21 years old, and lives with Debtors.  He testified that Debtors' son makes the payments to the creditor on the 2004 Mazda RX8, and has no expenses other than the car payment and car insurance.  He testified that Debtors' son earns approximately $567 per week.

## Conclusions of Law

Under Section 524(m)(1) of the Bankruptcy Code, the court may disapprove a reaffirmation agreement if a presumption of undue hardship applies, and is not rebutted to the satisfaction of the court.  A presumption of undue hardship applies if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support is less than the scheduled payments on the reaffirmed debt.  11 U.S.C. § 524(m)(1).

In the instant case, Debtors' schedules and testimony indicate an inability to make the payments called for under the

reaffirmation agreement. The court concludes that the presumption of undue hardship, which applies with respect to the reestablishment of Debtor's personal liability for the debt, has not been rebutted to the satisfaction of the court.[1]

Based on the foregoing, a separate Judgment will be entered denying approval of the reaffirmation agreement.

Signed at Houston, Texas September 24, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that disapproving the instant reaffirmation does not effectuate a requirement that Debtors' son turn over the vehicle to Citizens' Bank. Under Section 524(l)(1), Citizens Bank may accept payments from the Debtors. Nothing in Section 524 prohibits Citizens Bank from accepting payments from Debtors' son.